| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | Charles R. Norgle | **Sitting Judge if Other than Assigned Judge** | |
| **CASE NUMBER** | 11 C 4121 | **DATE** | 9/18/2012 |
| **CASE TITLE** | Victor Hopper, et al. vs. Wells Fargo Bank, N.A., et al. | | |

**DOCKET ENTRY TEXT**

Defendant Mortgage Services III, LLC's Motion to Dismiss Plaintiffs' Complaint [18] is granted. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint [21] is also granted.

■[ For further details see text below.]                         Docketing to mail notices.

## STATEMENT

    Before the Court are Defendant Mortgage Services III, LLC ("Mortgage Services") and Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") (collectively, "Defendants") motions to dismiss Plaintiffs Victor Hopper, Julie Hopper (collectively, "the Hopper's"), and Charlotte O'Keefe's ("O'Keefe") (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motions are granted.

    A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). Legal conclusions or elements of the cause of action, however, "may be disregarded on a motion to dismiss." McCauley v. City of Chi., 671 F.3d 611, 617 (7th Cir. 2011). "Dismissal is proper if it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

    On June 16, 2011, Plaintiffs filed a three count Complaint seeking rescission of their mortgage loan and the recovery of actual and statutory damages for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and the Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226, *et seq.* Plaintiffs allege that Defendants: (1) failed to provide material disclosures—including two copies each of the notice of right to rescind as well as the required TILA disclosures ("TILDS"); and in the alternative, that Defendants (2) understated the finance charge, and (3) understated the annual percentage rate ("APR").

    As an initial matter, "Plaintiffs acknowledge that Charlotte O'Keefe does not fall under the definition of a consumer entitled to rescind" because the property at issue is not her primary residence. Pls.' Joint Resp. 15; see 12 C.F.R. § 226.2(a)(11)-(12); 12 C.F.R. § 226.23 (stating that a consumer's right to rescind only applies if the security interest has been obtained or acquired in the consumer's principal dwelling). Because the property is not O'Keefe's primary residence and she does not have the right to rescind under Regulation Z, her claims against Defendants are dismissed.

    Defendants argue that the Hopper's claims for rescission should be dismissed because they failed to plead their ability to tender. Generally, when a consumer seeks rescission under TILA, the creditor performs first by releasing the security interest and returning any funds "given as earnest money, downpayment, or otherwise" before the consumer provides tender. 15 U.S.C. § 1635(b). However, the last sentence of § 1635(b) provides that, "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." Id. (emphasis added); see also AFS Fin., Inc. v. Burdette, 105 F. Supp. 2d 881, 881 (N.D. Ill. 2000) ("It is now well settled that a court, in the exercise of its equitable discretion, as confirmed by the last sentence of § 1635(b), can condition rescission upon the tender of the amounts previously advanced, leaving the security interest in place until tender is

made." (citing Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1142 (11th Cir. 1992))). In exercise of its discretion as provided by TILA, this Court requires consumers seeking rescission to plead the ability to tender. Arriaga v. Wells Fargo Bank, N.A., No. 09 C 2115, 2011 U.S. Dist. LEXIS 44585, at *7-8 (N.D. Ill. Apr. 21, 2011).

In the Complaint, the Hopper's allege only that they "are ready, willing, and able to tender as set forth by 15 U.S.C. § 1635." Compl. ¶¶ 49, 79, 87. The Hopper's bare statement, without further elaboration suggesting an actual ability to tender, is insufficient to satisfy Twombly and its progeny. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Indeed, as Defendants point out, the Hopper's actually suggested an *inability* to tender by attaching Wells Fargo's complaint to foreclose their property to their Complaint at issue here. See Compl. Ex. C. Accordingly, Defendants' motions to dismiss all claims seeking rescission are granted.

Further, to the extent that Plaintiffs seek actual and statutory damages for failure to make material disclosures and understating the finance charge and APR, Defendants argue that those claims are barred by the statute of limitations. "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935. Pursuant to § 1640, actions under TILA seeking actual or statutory damages may be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "TILA actions do not accrue when a plaintiff discovers his injury or could have discovered his injury with reasonable diligence." Arriaga v. Wells Fargo Bank, N.A., No. 09 C 2115, 2011 WL 4738522, at *3 (N.D. Ill. Sept. 30, 2011) (quoting Harlan v. Al Piemonte Nissan, Inc., No. 02 C 2265, 2002 WL 31155061, at *5 (N.D. Ill. Sept. 26, 2002)). "Rather, TILA violations accrue on the date upon which the loan instrument is signed." Id. (internal citation and quotation marks omitted). Plaintiffs' mortgage was closed on November 21, 2008. Plaintiffs filed their Complaint on June 16, 2011, approximately two and a half years after the closing. Therefore, any claims seeking damages arising from the mortgage closure are dismissed.

Lastly, Plaintiffs contend that their claims for damages are not barred by the statute of limitations because they are based on Defendants' failure to honor the notices of rescission, which occurred within the one year period provided by the TILA. See Compl. ¶ 24 (stating that Wells Fargo responded to the rescission letters but denied Plaintiffs' requests to rescind on March 28, 2011 and April 28, 2011); id. ¶ 27 (stating that Mortgage Services responded to the rescission letters but denied Plaintiffs' requests to rescind on March 31, 2011 and April 19, 2011). It is true that a "creditor's denial of rescission or its failure to properly respond to the rescission within twenty days after receipt of notice gives rise to a potential violation under the TILA and commences the running of the TILA's one-year statute of limitations." In re Hunter, 400 B.R. 651, 658 (Bankr. N.D. Ill. 2009). "Of course, where the debtor's notice of rescission is invalid . . . then no damages can be assessed against the creditor for failing to respond to the notice." Belini v. Wash. Mut. Bank, 412 F.3d 17, 25 (7th Cir. 2005). The Court has already found that Plaintiffs' request for rescission is invalid for failing to sufficiently allege a present ability to tender. Therefore, Defendants cannot be held liable for damages for refusing Plaintiffs' requests to rescind where Plaintiffs failed to provide sufficient assurances of tender in their notices. See Compl. Ex. D (stating only that Plaintiffs "are willing and prepared to tender" and "ready and willing to tender"). Accordingly, the Hopper's claims for actual and statutory damages for failure to honor rescission, or otherwise, are dismissed. Because all claims have been dismissed, the Court need not address Defendants' remaining arguments at this time.

For the foregoing reasons, Defendants' motions to dismiss are granted.
IT IS SO ORDERED.